UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TERRY STRAHAM,

        Petitioner,        Case No. 1:07-cv-165

v.        Honorable Richard Alan Enslen

CAROL HOWES,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. <u>Factual Allegations</u>

Petitioner is incarcerated at Camp Branch. He pleaded nolo contendere in the Calhoun County Circuit Court to assault with intent to commit great bodily harm less than murder. In exchange for his plea, the prosecutor dropped a charge of armed robbery. On September 10, 2001, the trial court sentenced Petitioner to imprisonment of 36 to 120 months. Nearly six years later, on July 5, 2006, Petitioner filed a *pro se* delayed application for leave to appeal in the Michigan Court of Appeals, claiming that he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). The Michigan Court of Appeals dismissed the application, stating:

> The delayed application for leave to appeal from the September 10, 2001 judgment of sentence is DISMISSED since it is an application in a criminal matter that was filed more than 12 months after the entry of the judgment appealed where none of the exceptions found at MICH. CT. R. 7.205(F)(4) apply. The United States Supreme Court decision in *Halbert v. Michigan*, 545 U.S. __; 125 S Ct 2582; 162 L. Ed 2d 552 (2005), does not apply in the give[n] situation since the circuit court appointed appellate counsel on October 11, 2001, to pursue an appeal on appellant's behalf.[1]

*People v. Straham*, No. 271512 (Mich. Ct. App. July 21, 2006). The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 31, 2006, because it was not persuaded that the question presented should be reviewed by the court. Petitioner's sole claim for habeas corpus relief is that he was sentenced in violation of *Blakely*.

II. <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment

---

[1] Apparently, Petitioner's appointed counsel did not file a direct appeal on his behalf.

of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005).[3] Under that

---

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

[3] Under § 2244(d)(1)(C), the statute of limitations begins to run "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Though not specifically addressed by the Supreme Court or the Sixth Circuit, many federal courts have held that *Blakely* is not retroactively applicable to cases on collateral review. *See, e.g., U.S. v. Hishaw,* 180 F. App'x 831, 834 (10th Cir. 2006) ("*Blakely* does not apply retroactively to

provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner had twelve months from the date of the judgment of sentence in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F). Petitioner did not timely file a delayed application for leave to appeal; therefore, his conviction became final on September 10, 2002, the expiration of the twelve-month period for seeking direct review. Because Petitioner's delayed application for leave to appeal in the Michigan Court of Appeals was dismissed as untimely, neither his application in that court, nor his subsequent appeal in the Michigan Supreme Court, can serve to extend the date upon which his conviction became final. Petitioner had one year from September 10, 2002, in which to timely file his habeas petition. Petitioner filed the instant action on February 10, 2007, more than three years after the statute of limitations expired.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*,

---

convictions that were already final at the time it was decided in 2004."); *U.S. v. Reed,* 194 F. App'x 731, 734 (11th Cir. 2006); *U.S. v. Shwayder,* 160 F. App'x 654 (9th Cir. 2005); *Villa-Yanez v. Morris,* No.05-41207, 2007 WL 1133314, at *1 (5th Cir. April 17, 2007); *cf. Spiridigliozzi v. United States,* 117 F. App'x 385, 394 (6th Cir. 2004) ("[L]ike the Supreme Court's decision in *Apprendi,* it is unlikely *Blakely* would apply retroactively to matters addressed via 28 U.S.C. § 2255.") Petitioner's conviction was final on September 10, 2002, almost two years before *Blakely* was decided on June 24, 2004. Accordingly, Petitioner may not invoke § 2244(d)(1)(C).

250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 127 S. Ct. 1079,1085 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 126 S. Ct. at 1684. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: September 10, 2007             /s/ Ellen S. Carmody
                                     ELLEN S. CARMODY
                                     United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).